IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADELINA PLOUGH,** | : | |
| ***Plaintiff,*** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 26-1175** |
| | : | |
| **HOME DEPOT,** | : | |
| | : | |
| ***Defendant.*** | : | |

**Scott, J.** **August 31, 2026**

## MEMORANDUM

Defendant Home Depot has filed a motion to transfer venue (ECF No. 17). For reasons explained below, the Court grants Defendant's motion and hereby transfers this case to the Western District of Pennsylvania.

### I. Background

Plaintiff Adeline Plough, who resides in Erie, Pennsylvania, visited a Home Depot in Erie, Pennsylvania. ECF No. 1-1 ¶¶ 1–2 ("Compl."). Plough alleges that she slipped on materials on the floor of the Home Depot, which caused her slip because of Home Depot's "negligence, recklessness and/or carelessness." *Id.* ¶ 4. Plough alleges that she suffered "severe and permanent bodily injuries," and has brought a personal injury claim against Home Depot. *Id.* ¶¶ 5–12.

Plough filed this case in the Philadelphia County Court of Common Pleas, and Home Depot then removed it to the Eastern District of Pennsylvania. ECF No. 1 at 1.

### II. Legal Standard

According to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, [or] in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." When deciding whether to transfer venue, the court must consider the "the three [factors] enumerated under the statute—convenience of the parties, convenience of the witnesses, and the interests of justice—along with all other relevant private and public factors, including the plaintiff's choice of forum and the local interest in deciding local controversies close to home." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018) (citing *Atlantic Marine Constr. Co. v. U.S. District Court*, 571 U.S. 49, 62 n.6 (2013)). In *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), the Third Circuit identified the following private factors for district courts to consider:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records.

*Id.* at 879 (citation modified). The public factors for district courts to consider include:

> [t]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (citation modified). "Courts consider these factors to determine, on balance, whether the litigation would 'more conveniently proceed and the interests of justice be better served by transfer to a different forum." *McGraw-Hill*, 909 F.3d at 57 (quoting *Jumara*, 55 F.3d at 879). The movant bears the burden of persuasion. *Id.*

## III. Discussion

Home Depot argues that this action should be transferred to the Western District of Pennsylvania, while Plough argues that the Eastern District of Pennsylvania is an appropriate venue and that Defendant has not made a sufficient showing to warrant transfer. *See* ECF No. 17-10 at 4–8; ECF No. 19 at 6–8. Plough also states that the Court should defer to her choice of the

Eastern District, and that the Court should consider the convenience to Plaintiff's counsel in maintaining this Action in the Eastern District. ECF No. 19 at 3–4, 7.

The Court's deference to a plaintiff's forum choice is not absolute. *See Townsend v. GSM Outdoos LLC*, 2026 WL 10833977, at *2 (E.D. Pa. June 25, 2026). Courts may reduce such deference "(1) when the operative facts occurred outside the forum and (2) when the plaintiff does not reside there." *S.L.W. v. Res. for Human Dev.*, 2026 WL 821844, at *3 (E.D. Pa. Mar. 25, 2026) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). Here, the operative facts, including where Plough sustained her injuries, where Plough lives, and where the Home Depot store is located, all concern the Western District of Pennsylvania. *See* Compl. ¶¶ 1–12. Accordingly, the Court refuses to defer to Plough's forum choice.

Three private *Jumara* factors—the defendants' forum preference, whether the claim arose elsewhere, and the convenience of the parties (including the Plaintiff who resides within the Western District of Pennsylvania)[1]—clearly favor transfer because the operative facts occurred outside this district and because Plaintiff resides outside this district. The remaining private *Jumara* factors are either inapplicable or neutral.

One public *Jumara* factor—the local interest in deciding local controversies at home—strongly favors transfer as well. This factor "is linked with . . . consideration regarding which forum has the most logical connection to the facts giving rise to the suit." *Seidman v. Hamilton Beach Brands, Inc.*, 787 F. Supp. 3d 25, 40 (E.D. Pa. 2025). Because "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation," the Western District of Pennsylvania, which has a stronger and more obvious connection to the

[1] Plaintiff opposes the motion primarily due to the inconvenience imposed on Plaintiff's counsel, *see* ECF No. 19 at 3–4 (suggesting that counsel's need to travel to Erie and to be admitted to practice in the Western District of Pennsylvania are burdens to Plaintiff), but the Court has not seen any caselaw to suggest that those considerations are proper under any enumerated *Jumara* factor.

facts giving rise to this suit and for which jurors would have a clearer relation to the litigation, is the more sensible forum for this litigation. *Id.* The remaining public *Jumara* factors are either inapplicable or neutral.

**IV. Conclusion**

The interests of justice and the convenience of parties and witnesses, as determined through application of the *Jumara* factors, convince this Court to grant Home Depot's motion to transfer venue. The Court will therefore transfer this action to the Western District of Pennsylvania. An appropriate Order follows.